IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No._____ |
| ) | |
| CORRY COMMUNICATIONS, INC. ) | |
| Corry, PA 16407, ) | |
| ) | |
| MERCYHURST COLLEGE, ) | |
| Erie, PA 16546, ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA,) | |
| ) | |
| and ) | |
| ) | |
| RICHARD F. RAMBALDO ) | |
| Fairview, PA 16418, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR FEDERAL TAXES

PLAINTIFF, the United States of America, complains of defendants as follows:

1.     This is a civil action in which the United States seeks to reduce to judgment the federal tax assessments made against defendant Corry Communications, Inc., and to foreclose the corresponding tax liens against property owned by Corry Communications, Inc. and Mercyhurst College.

### JURISDICTION & VENUE

2.     The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, has authorized and requested this action, which is brought at

-1-

the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court by virtue of 28 U.S.C. § 1396.

### PARTIES

5. Plaintiff is the United States of America.

6. Defendant, Corry Communications, Inc., is a Pennsylvania corporation with its principle place of business in Corry, Pennsylvania, within the jurisdiction of this Court ("Corry Communications").

7. Defendant, Mercyhurst College, is located in Erie, Pennsylvania, within the jurisdiction of this Court.

8. Defendant, Commonwealth of Pennsylvania is a sovereign body politic that may claim an interest in the property at issue in this action.

9. Defendant, Richard F. Rambaldo, lives in Fairview, Pennsylvania, which is within the jurisdiction of this Court, and may claim an interest in the property at issue in this action.

### COUNT I

10. The allegations contained in paragraphs 1 through 9 are restated as if fully set forth herein.

11. A delegate of the Secretary of the Treasury properly and timely assessed

federal employment and unemployment taxes, penalties, and statutory interest against Corry Communications, for the following tax periods on the dates and in the amounts set forth below:

| Type of Tax | Tax Period Ending | Assessment Date | Assessed Amount |
|---|---|---|---|
| Form 940 | December 31, 2002 | February 28, 2005 | $2,644.45 |
| Form 940 | December 31, 2003 | August 16, 2004 | $1,520.53 |
| Form 940 | December 31, 2005 | April 28, 2008 | $1,520.53 |
| Form 940 | December 31, 2006 | May 12, 2008 | $1,885.42 |
| Form 940 | December 31, 2007 | May 12, 2008 | $1,242.45 |
| Form 941 | June 30, 2001 | June 9, 2003 | $0.00 |
| Form 941 | September 30, 2001 | November 26, 2001 | $5,234.05 |
| Form 941 | December 31, 2001 | February 25, 2002 | $4,115.54 |
| Form 941 | March 31, 2002 | November 25, 2002 | $6,250.65 |
| Form 941 | June 30, 2002 | November 25, 2002 | $5,537.02 |
| Form 941 | September 30, 2002 | June 9, 2003 | $6,340.58 |
| Form 941 | December 31, 2002 | June 9, 2003 | $6,991.97 |
| Form 941 | March 31, 2003 | June 23, 2003 | $5,374.87 |
| Form 941 | June 30, 2003 | August 16, 2004 | $7,852.86 |
| Form 941 | September 30, 2003 | January 5, 2004 | $4,600.21 |
| Form 941 | December 31, 2003 | August 16, 2004 | $6,018.06 |
| Form 941 | March 31, 2004 | December 13, 2004 | $5,584.06 |
| Form 941 | June 30, 2004 | October 11, 2004 | $4,510.19 |
| Form 941 | September 30, 2004 | July 11, 2005 | $8,191.41 |
| Form 941 | December 31, 2004 | July 11, 2005 | $10,466.96 |
| Form 941 | March 31, 2005 | December 26, 2005 | $13,686.78 |

| Form 941 | June 30, 2005 | December 26, 2005 | $13,250.90 |
| --- | --- | --- | --- |
| Form 941 | September 30, 2005 | January 9, 2006 | $12,112.12 |
| Form 941 | December 31, 2005 | May 5, 2008 | $3,210.06 |
| Form 941 | March 31, 2006 | May 5, 2008 | $2,842.98 |
| Form 941 | June 30, 2006 | May 5, 2008 | $3,007.29 |
| Form 941 | September 30, 2006 | May 5, 2008 | $3,163.93 |
| Form 941 | December 31, 2006 | May 5, 2008 | $4,365.00 |
| Form 941 | March 31, 2007 | May 5, 2008 | $2,760.92 |
| Form 941 | June 30, 2007 | May 5, 2008 | $2,776.39 |
| Form 941 | September 30, 2007 | May 5, 2008 | $2,248.70 |
| Form 941 | December 31, 2007 | May 5, 2008 | $2,375.31 |
| Form 941 | March 31, 2008 | November 30, 2009 | $4,585.53 |
| Form 941 | June 30, 2008 | December 7, 2009 | $4,445.06 |
| Form 941 | December 31, 2008 | November 30, 2009 | $4,468.62 |
| Form 941 | March 31, 2009 | November 30, 2009 | $4,555.02 |
| Form 941 | June 30, 2009 | December 21, 2009 | $4,088.89 |

12. Proper notices and demands for payment of the assessments were given to Corry Communications in accordance with 26 U.S.C. § 6303.

13. The aforementioned assessments were made correctly in accordance with law.

14. Statutory additions and penalties, interest, and costs have accrued and will continue to accrue on the assessments.

15. The amount owed in connection with the assessments described in paragraph 9, as of January 31, 2010, was $247,645.46.

-4-

5037130.3

WHEREFORE, plaintiff, the United States of America, prays that this Court:

A.   Order, adjudge, and decree that the defendant, Corry Communications is indebted to the United States in the amount of $247,645.46 for the employment and unemployment taxes, penalties, and statutory interest assessed against it for the taxable periods listed in paragraph 11, above, plus statutory additions to tax accruing from January 31, 2010 until paid;

B.   Award to the United States its costs of prosecuting this action; and

C.   Order such further relief as the Court deems just and equitable.

## COUNT II

16.   The allegations contained in paragraphs 1 through 15 are restated as if fully set forth herein.

17.   As a result of the assessments referred to in paragraph 11, federal tax liens arose and attached under 26 U.S.C. §§ 6321 and 6322 to all property and rights to property then owned or thereafter acquired by Corry Communications.

18.   The Internal Revenue Service filed notices of federal tax liens against the defendant, Corry Communications, with the Erie County Prothonotary in Erie, Pennsylvania, with respect to the tax assessments described in paragraph 11, above, on August 19, 2003, October 6, 2003, October 28, 2004, April 5, 2005, November 14, 2005, May 29, 2008, and June 6, 2008.

19.   Corry Communications has licensed and operates an AM radio station known as WWCB, which broadcasts at 1370 kHz with facility ID number 13967.

5037130.3

("WWCB").

20.     The United States has valid and subsisting federal tax liens that attached to Corry Communications' interest in WWCB, including, but not limited to, the Federal Communications Commission license for that radio station.

WHEREFORE, plaintiff, the United States of America, prays that this Court:

D.      Order, adjudge, and decree that the United States of America has valid and subsisting federal tax liens, by virtue of the assessments described above in paragraph 11, on all property and rights to property owned on, or acquired after, the dates of those assessments by Corry Communications, including WWCB;

E.      Order, adjudge, and decree that the Federal tax liens attaching to the property of Corry Communications be FORECLOSED and that WWCB, described in paragraph 17, above, be SOLD by the Internal Revenue Service's Property Appraisal and Liquidation Specialists according to law, free and clear of any right, title, lien, claim, or interest of any of the defendants herein, and that the proceeds of the sale be DISTRIBUTED in accordance with the rights of the parties determined herein, with the amounts attributable to Corry Communications' interest be paid to the United States to be applied to Corry Communications' liabilities.

F.      Award to the United States its costs of prosecuting this action; and

G.      Order such further relief as the Court deems just and equitable.

## COUNT III

21.     The allegations contained in paragraphs 1 through 20 are restated as if

fully set forth herein.

22. Corry Communications previously had licensed and operated an AM radio station known as WEYZ, which broadcasted at 1530 kHz with facility ID number 26610 ("WEYZ").

23. The United States has valid and subsisting federal tax liens that attached to Corry Communications' interest in WEYZ, including, but not limited to, the Federal Communications Commission license for that radio station.

24. On or about August 2, 2004, Corry Communications agreed to sell WEYZ to Mercyhurst College.

25. The federal tax liens attached to Corry Communications' interest in WEYZ prior to the sale of WEYZ to Mercyhurst College.

26. Mercyhurst College took WEYZ subject to the federal tax liens.

WHEREFORE, plaintiff, the United States of America, prays that this Court:

H. Order, adjudge, and decree that the United States of America has valid and subsisting tax liens, by virtue of the assessments described in paragraph 11, above, on WEYZ, described in paragraph 22, above, owned on, or acquired after, the dates of those assessments by Corry Communications;

I. Order, adjudge, and decree that the Federal tax liens attaching to the property of Mercyhurst College be FORECLOSED and that WEYZ, described in paragraph 22, above, be SOLD by the Internal Revenue Service's Property Appraisal and Liquidation Specialists according to law, free and clear of any right, title, lien,

claim, or interest of any of the defendants herein, and that the proceeds of the sale be DISTRIBUTED in accordance with the rights of the parties determined herein, with the amounts attributable to Mercyhurst College's interest be paid to the United States to be applied to Corry Communications' liabilities.

    J.    Award to the United States its costs of prosecuting this action; and

    K.    Order such further relief as the Court deems just and equitable.

DATE: January 19, 2010

ROBERT S. CESSAR
Acting United States Attorney

ALBERT W. SCHOLLAERT
Assistant United States Attorney, Civil Chief

/s/ Christopher J. Williamson
DANIEL J. HEALY
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel.: (202) 307-2250
Fax: (202) 514-6866
Email: christopher.j.williamson@usdoj.gov
Email: daniel.j.healy@usdoj.gov