# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff              )<br>                            )<br>vs.                           )<br>                            )<br>CORRY COMMUNICATIONS, et al.,  )<br>    Defendants.         )| C.A.No. 10-13Erie<br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Mercyhurst College purchased a broadcast license that was encumbered by a federal tax lien. The government seeks to force the sale of this broadcast license and use the proceeds to satisfy the lien, filing a motion for summary judgment to that effect. Mercyhurst College has filed a cross-motion for summary judgment, raising various arguments why the lien did not attach and cannot be foreclosed upon. The issues are fully briefed and are ripe for disposition.

It is recommended that the government's Motion for Summary Judgment [ECF No. 30] be granted and that Mercyhurst College's Motion for Summary Judgment [ECF No. 32] be denied.

### II.    REPORT

#### A.  Factual and Procedural Background

Beginning in 2001, Defendant Corry Communications, Inc. (hereinafter referred to as "Corry") failed to pay federal employment and unemployment taxes. Neither Corry nor

1

Mercyhurst College deny the assessment of these federal taxes against Corry. ECF No. 38, ¶ 1. The complaint against Mercyhurst College is predicated on its purchase of an AM radio station (call letters WEYZ) from Corry Communications through an August 2004 agreement of sale.[1] The sale, including a transfer of the broadcast license to the College, was closed in March of 2005. The agreed-to price was $30,000 and free tuition at the college for the daughter of Corry's president and owner. Upon the transfer, Mercyhurst renamed the station WYNE.

Prior to the sale of the WEYZ license, the government assessed federal employment and unemployment taxes against Corry and filed several notices of tax liens.[2] Shortly after the sale and transfer, the IRS sent Mercyhurst College a letter informing it that WEYZ was subject to federal tax liens.

The government and Mercyhurst College have filed cross motions for summary judgment.

### B. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party

---

[1] Originally named as Defendants to this action were Corry Communications, Mercyhurst College, the Commonwealth of Pennsylvania and Richard Rambaldo. Stipulations of dismissal have been entered as to the Commonwealth and Rambaldo. Default judgment has been entered against Corry by this Court on May 21, 2010 in the amount of $269,575.23.

[2] The Internal Revenue Service continued to assess and file tax liens against Corry following the sale and transfer of WEYZ. ECF No. 35, ¶ 1; ECF No. 38, ¶ 1.

opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).

### C. Undisputed Material Facts

In March of 1999, Corry acquired two FCC radio station licenses for radio station broadcasting at 1370 kHz and 1530KHz. ECF No. 35, ¶ 4; ECF No. 38, ¶ 4. In 2004, Mercyhurst College entered into an agreement to purchase assets from Corry for the purpose of operating an AM broadcast radio station. ECF No. 42, Plaintiff's Response to Defendant's Concise Statement of Material Facts, ¶ 3. These assets were previously used by Corry to operate the broadcast radio station which Corry operated using the call letters WEYZ. Id. at ¶ 4.

A Bill of Sale between Mercyhurst College and Corry was signed on March 30, 2005, and indicated that "[…] Seller has agreed to sell and assign and Buyer has agreed to purchase and acquire all of the properties and assets used or useful in connection with the operation of radio station WYNE, licensed to North East, Pennsylvania." ECF No. 33-1, page 41.

Signatories to the Bill of Sale were Stephen Hutzelman for Corry and William Shannon on behalf of Mercyhurst College. Id.

Among the assets that Mercyhurst College purchased from Corry was an FCC broadcasting license and radio transmission equipment. ECF No. 42, ¶ 5. The broadcast license was originally issued by the Federal Communication Commission ("FCC") to Corry Communications to broadcast radio programming at 1530kHz during daytime hours. Id. at ¶¶ 6-7. On February 18, 2005, the FCC consented to the assignment of WYNE. See ECF No. 33-1, page 47.

On June 30, 2005, Mercyhurst applied to the Internal Revenue Service seeking a Certification of Discharge of Property from federal tax liens under § 6325(b)(2)(A). ECF No. 42, ¶ 14. A Certification of Discharge was granted on September 2, 2005, but the Certification did not address the broadcasting license. ECF No. 33-2, pages 3-5.

### D. Discussion and Analysis

Because a federal tax lien is not self-executing, the government has instituted this lien foreclosure suit in order to enforce collection of the unpaid taxes. See 26 U.S.C. § 7403. The United States argues that since nothing prohibits the foreclosure of a federal tax lien against a radio station license, this Court should enter summary judgment in its favor and recommend the sale of WYNE. Not surprisingly, Mercyhurst College disagrees. The College maintains that, by its nature, a broadcast license cannot be subject to a federal tax lien because it is not property. In the alternative, Mercyhurst argues that the IRS discharged the liens, and further, the College submits that this Court lacks the authority to foreclose upon and order the sale of an active FCC broadcast license.

1.

Mercyhurst College argues that a broadcast license is not property to which a tax lien may attach. This is important because 26 U.S.C. § 6321 provides that:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States *upon all property and rights to property*, whether real or personal, belonging to such person.

Id. (emphasis added). See also United States v. National Bank of Commerce, 472 U.S. 713, 719-20 (1985) (holding that the "all property and property rights" language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.").[3]

In support of Mercyhurst's argument, it cites case law arising out of the context of bankruptcy. These cases hold that a broadcast license cannot be sold by, or transferred to, a creditor, mainly because the statutory scheme by which the license operates would be undermined by such a transaction. This was the state of the law when the Third Circuit decided the case of In re Atlantic Business & Community Development Corp., 994 F.2d 1069 (3d Cir. 1993), which reasoned oppositely, reversing the lower courts, and holding that a broadcast license is "property" for purposes of this statutory provision. Id. at 1075. ("We hold that a broadcasting license is section 6321 property . . .").

The Third Circuit's ruling in Atlantic Business is still alone in its holding that a broadcast license is property to which a lien may attach. Because of this, both parties to these motions

---

[3] A lien arises automatically under 26 U.S.C. § 6321 when outstanding taxes are assessed and extends to all property and rights to property belonging to the taxpayer. See 26 U.S.C. § 6322; 21 West Lancaster Corp. v. Main Line Restaurant, Inc., 790 F.2d 354 (3d Cir. 1986); In re De Angelis, 373 F.2d 755, 757 (3d Cir. 1967) ("[N]on-payment of taxes after demand creates a lien commencing at the assessment date."). Further, the IRS is authorized to levy upon and seize "all property and rights to property" on which there is a tax lien. 26 U.S.C. § 6331.

have attempted to use or distinguish it on its facts and reasoning, or, in Mercyhurst's case, point to the wealth of case law holding to the contrary. Nonetheless, this lone decision is precedential to our review and its ruling is unmistakable; the broadcast license is property to which a lien may attach.

The most compelling argument made by Mercyhurst is that the Atlantic Business decision dealt with **proceeds** from an already-sold license. In other words, Mercyhurst argues the lien was not attaching to the **license**, but rather to the **proceeds** of its sale. Although this is in fact that which occurred in Atlantic Business, the Third Circuit was unambiguous when it ruled: "we hold that a broadcasting license is § 6321 property." Id. at 1075. This Court cannot ignore or distinguish these words.[4]

Here, it is not disputed that the United States filed notice of federal tax liens "upon all of Corry's property," with the Erie County Prothonotary's Office prior to the sale to Mercyhurst College (on August 19, 2003, October 6, 2003, and October 28, 2004). The transfer of the license to Mercyhurst College did not affect the lien because the lien was in place before the sale. See United States v. Bess, 357 U.S. 51, 57 (1958) (internal quotation omitted) ("The transfer of property subsequent to the attachment of a lien does not affect the lien, for it is of the very nature and essence of a lien [ . . .] that no matter into whose hands the property goes, it passes *cum onere*."). See also United States v. Avila, 88 F.3d 229, 233 (3d Cir. 1996); 26 C.F.R. § 301.6331-1(a)(1). Accordingly, the radio station license for WYNE, as acquired by Mercyhurst College, is property subject to federal tax liens.

---

[4] Nonetheless, the Third Circuit did not decide the issue of **enforcement** of such a lien; in fact, it specifically withheld comment on this point. Id. at n.7 ("This case does not require us to reach the question whether the IRS could foreclose its lien against an active station by seizure of its license."). That issue is discussed *supra* at Part 3.

2.

Next, Mercyhurst contends that the Government discharged the tax lien against WYNE's license. On June 30, 2005, Mercyhurst applied to the Internal Revenue Service seeking a Certification of Discharge of Property from federal tax liens under § 6325(b)(2)(A). ECF No. 42, ¶ 14. Beginning on page 5 of the application to seek Certification of Discharge, Mercyhurst stated the following:

> Based on the express provisions of the Communications Act of 1934 and judicial decisions, the applicant believes that the broadcast license assigned to Mercyhurst College by Corry Communications is not subject to federal tax liens. In particular, § 310 of the Communications Act of 1934 provides that the radio spectrum is controlled by the United States. Only the Federal Communications Commission […] can issue licenses for the right to use the radio spectrum. The FCC has consistently held that a license cannot be subject to a mortgage, lien, pledge, attachment, seizure or similar property rights. *See, e.g.: In re Radio KDAN, Inc., 11 FCC 2d 934 (1968), Hansen v. FCC, 413 F.2d 374 (D.C. Cir. 1969); In re Merkley, 94 FCC 2d 829 (1983), recon. Denied, Merkley v. FCC, 772 F.2d 365 (D.C. Cir. 1985). See also In re Omega Cellular Partners, 5 FCC Red 7624 (1990).*
>
> The courts have consistently agreed and held that FCC licenses cannot be subject to a lien or security interest because of the FCC policy outlined in KDAN and Merkley, KDAN and Merkley [sic]. *See e.g. Stephens Industries, Inc. v. McClung, 789 F.2d 389 (6th Cir. 1986); In re Oklahoma City Broadcasting Co., 112 B.R. 425 (Bankruptcy W.D. WI 1992), aff'd 985 F.2d 916 (7th Cir. 1993).* Therefore the applicant believes that the broadcasting license acquired by Mercyhurst College from Corry Communications is not subject to the federal tax liens filed against Corry Communications.

ECF No. 33-1, pages 2–7 (italics in original).

On September 2, 2005, the Internal Revenue Service issued a Certificate of Discharge of Property from Federal Tax Lien. ECF No. 33-2, pages 3–5. The Certificate of Discharge indicated

> Whereas, Corry Communications […] is indebted to the United States for unpaid internal revenue tax in the sum of One Hundred Three Thousand Eight Hundred Thirty Five 17/100 dollars ($103,835.17) as evidenced by […]

| Tax Lien Serial Number | Date Recorded […] | Amount Shown on Lien |
|---|---|---|
| 230181677 | 11/08/2001 | $9,474.11 |
| 129660403 | 8/19/2003 | $21,474.58 |
| 137055103 | 10/06/2003 | $30,092.43 |
| 197071704 | 10/28/2004 | $34,352.97 |
| 220911805 | 4/4/2005 | $10,071.25 |

Whereas, to secure the collection of said tax, notice of the lien of the United States, attaching to all the property and rights to property of the said taxpayer on account of said tax indebtedness, was filed with the Prothonotary, for the County of Erie, in accordance with the applicable provisions of law.

Whereas, the lien of the United States, listed above, for said tax has attached to certain property described as:

1. One (1) Orban Model #9100A Optimod Audio Processor

2. One (1) Sine Systems Remote Control with RP8 Relay Panel

3. One (1) Harris SX1, one kilowatt AM Transmitter tuned to 1530 khz

4. One (1) 150' x 12" radio tower.

Whereas, the Area Director of the Internal Revenue has determined that the interest of the United States in the foregoing property, under and by virtue of its aforesaid tax lien, is now valueless;

Now, therefore, this instrument witnesseth, that I, Jeffrey J. Basalia, Area Director of Internal Revenue […], charged by law with the duty of collecting and enforcing the collection of internal revenue taxes due to the United States, and charged with the assessment hereinbefore stated, do, pursuant to the provisions of section 6325(b)(2)(B), of the Internal Revenue Code discharge the property heretofore described from the aforesaid tax lien, saving and reserving, however, the force and effect of said tax lien against and upon all other property or rights to property to which said lien is attached, wheresoever situated.

ECF No. 33-2, pages 3-4. The Certification of Discharge does not address the FCC broadcast license. Indeed, it specifically reserves its lien against all other property – the broadcast licenses

included. The Court, therefore, cannot find that the tax liens against the broadcast licenses have been discharged.[5]

3.

Mercyhurst College's last argument is more complex. The College maintains that this Court cannot order the foreclosure of a federal tax lien filed against an active radio station by seizure and sale of its license. This is the question left open by the Third Circuit in Atlantic Business. See 944 F.2d at 1075 n.7 ("This case does not require us to reach the question whether the IRS could foreclose its lien against an active station by seizure of its license.").[6]

As no other court has answered this question, we will start at the beginning. Congress vested district courts with jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. More specifically, the Internal Revenue Code authorizes this Court, in an action to enforce a lien, to order the sale of property encumbered by that lien, 26 U.S.C. § 7403(c), and "to render such judgments and decrees as may be necessary or appropriate" to complete that sale, 26 U.S.C. § 7402(a). See also United States v. Rodgers, 461 U.S. 677, 680-82 (1983).

Here, the United States argues that because valid federal tax liens are attached to the radio station's licenses, and because 26 U.S.C. § 7403(c) authorizes this Court to order the sale of such property, this Court should order the sale of WYNE's license without further

---

[5] Relevant to this determination, Mercyhurst argues that a broadcast license cannot be sold without its related assets. Such a sale, it argues, is in violation of FCC policy. This argument is meritless. As the United States explains, the FCC has no such policy (indeed, Mercyhurst points to none). Much of Mercyhurst's legal argument on this point is based on its interpretation of the FCC's "Application for Consent to Assignment of Broadcast License." This Court could find no FCC policy requiring a party selling a radio station license to sell its physical assets necessary to that station's operations.

[6] By any definition, the Court has little trouble finding WYNE to be an "active station." See http://northeast.mercyhurst.edu/wyne-1530-am/ (last visited August 17, 2011).

consideration. However, the seizure and sale of radio licenses from actively broadcasting stations presents certain challenges.

Mercyhurst argues, for example, that because of their unique nature and the underlying policy considerations, FCC broadcasting licenses cannot be foreclosed upon. Directing this Court to a decision by a Colorado bankruptcy court, Mercyhurst asserts that it is "settled law" that broadcast licenses may not be subject to a security interest and, therefore, cannot be foreclosed upon. See In re Tracy Broadcasting Corp., 438 B.R. 323, 327 (Bnkr. D. Co. 2010) (also referred to as Spectrum Scan LLC v. Valley Bank and Trust). Mercyhurst's reliance on Tracy Broadcasting is misplaced. That decision, as well as those upon which it relies, are cases in which private creditors sought to force the sale of broadcast licenses under state lien foreclosure laws. The Third Circuit has clearly differentiated between private creditors and the United States as lien-holders. See Atlantic Business, 994 F.2d at 1074-75. In Atlantic Business, the Third Circuit explained:

> In granting the government control over the airwaves, Congress intended to give the government a plenary power to regulate the broadcasting business. If an FCC license were subject to a valid security interest, the FCC feared that the secured creditor might have the potential to force sale or reversion of the license in contravention of the statutory scheme and the agency's desire to insure the licensee's independence. It was felt that a private party with a lien on a broadcasting license would gain a degree of control over the license that it might exercise contrary to the public interest the FCC was created to protect.
>
> . .. an IRS lien poses no such problem because it is the government, as representative of the public interest, that is asserting its lien in the license instead of a private creditor. We agree that the fear that a secured creditor would act contrary to the regulatory scheme is attenuated when the government asserts the interest and the risk of influence antithetical to the public is reduced, if not eliminated.".

Id. Nothing in Atlantic Business prohibits the foreclosure and sale by the United States on an active radio license --- here, WYNE. It would be a different case, admittedly, were a private

creditor attempting to foreclose and sell the license. But, as was the case in Atlantic Business, it is the United States seeking to foreclose its own lien and sell the broadcast licenses to satisfy those liens. It makes little sense to find broadcast licenses to be property for § 6321 purposes, to permit the filing of such liens by the United States against such property, but to then prohibit the United States from acting to foreclose on such liens.

Mercyhurst also points to 47 U.S.C. § 310(d) which provides that:

> No […] station license, or any rights thereunder, shall be transferred, assigned, or disposed of in any manner, voluntarily or involuntarily, directly or indirectly, or by transfer of control of any corporation holding such permit or license … ,

Id.

Mercyhurst argues that the statute prohibits this Court from ordering foreclosure and sale of the licenses. This Court disagrees. Although Section 310(d) of the Communications Act empowers the Federal Communications Commission to grant an application for a broadcast license transfer, that statute does not prevent a court from foreclosing on a license. Instead, § 310(d) requires FCC approval of any license purchaser; a requirement the United States has already acknowledged in its filings.

In conclusion, this Court finds that the liens properly attached to the radio station broadcast licenses at issue in this case, that the lien against WYNE's broadcast license was not discharged, and that nothing in law or equity prohibits the United States from foreclosing upon and forcing the sale of the licenses in order to satisfy the federal tax liens.

### III. CONCLUSION

Based on the foregoing, it is respectfully recommended that:

- The United States' Motion for Summary Judgment [ECF No. 30] be granted.

- The Cross-Motion for Summary Judgment filed by Mercyhurst College [ECF No. 32] be denied.

- The District Court enter an order that the federal tax liens attaching to WYNE's radio license be foreclosed and that WEYZ/WYNE be sold by the Internal Revenue Service and further that the proceeds of the sale be distributed and used to satisfy the federal tax liens.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation by **September 8, 2011.** Any party opposing the objections shall have until **September 22, 2011**, to respond thereto. See Fed.R.Civ.P. 72(b)(2). **No extensions of time will be granted**. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 25, 2011